FILED & JUDGMENT ENTERED
Steven T. Salata

Nov 07 2012

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

Laura T. Beyer
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**WILKESBORO DIVISION**

```
In re:                         )
                               )
NICHOLAS JOHN LYNCH            )    Chapter 7
KIMBERLY HALLMAN LYNCH,        )    Case No. 12-50665
                               )
          Debtors.             )
_____)
```

**ORDER DISAPPROVING REAFFIRMATION AGREEMENT**

**THIS MATTER** is before the court upon the Debtors' Reaffirmation Agreement with Bank of the West. A review of the record reflects that a Reaffirmation Agreement between the Debtors and Bank of the West was filed with this court on October 3, 2012. While the Debtors' attorney signed Part C: Certification by Debtor's Attorney, the Reaffirmation Agreement also states that the Debtors were not represented by counsel during the course of negotiating the agreement. The court entered a Notice of Reaffirmation Hearing on October 4, 2012, and set a hearing on the Reaffirmation Agreement for November 2, 2012. The Debtors and their attorney attended the hearing.

In the Reaffirmation Agreement, the Debtors seek to except

their debt of $24,040.77 to Bank of the West from their bankruptcy discharge. The Debtors' 2008 Nautic Star 211, a fishing boat, secures the debt. The Reaffirmation Agreement states that the current market value of the boat is $10,410. Under the Reaffirmation Agreement, the Debtors would make 127 monthly payments of $278.96 to pay their debt to Bank of the West in full.

The Debtors' bankruptcy schedules indicate that their monthly expenses exceed their monthly income by $1298.65. On the Reaffirmation Agreement, however, the Debtors state that their monthly expenses have decreased by the exact same amount, $1298.65, due to reductions in their food, childcare, and transportation expenses.[1] Specifically, the Debtors say that the female Debtor is no longer traveling to a second location for work, their need for childcare "decreased due to mother's hours," and their "baby no longer requires formula."

With certain exceptions, a Chapter 7 bankruptcy discharges all of a debtor's pre-petition debts. In fact, "a central purpose of the [Bankruptcy] Code is to provide a procedure by which certain insolvent debtors can reorder their affairs, make peace with their creditors, and enjoy 'a new opportunity in life with a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt.' " Grogan v. Garner,

---

[1] Due to a math error, the Reaffirmation Agreement indicates that the Debtors have $12.35 available to pay their debt to Bank of the West. When the math is calculated correctly, the numbers on the Reaffirmation Agreement lead to the Debtors having exactly $0.00 available for the Bank of the West debt.

2

498 U.S. 279, 286 (1991) (quoting <u>Local Loan Co. v. Hunt</u>, 292 U.S. 234, 244 (1934)). One exception to discharge is debts that are reaffirmed during the bankruptcy. By allowing debtors to retain pre-petition liability, reaffirmation is contrary to the "fresh start" principle that underlies the Bankruptcy Code. <u>See In re Jamo (Jamo v. Katahdin Federal Credit Union)</u>, 283 F.3d 392, 398 (1st Cir. 2002).

While a reaffirmation is a consensual agreement between a debtor and a creditor, the Bankruptcy Code contains safeguards designed to protect debtors from making "unsound or unduly pressured judgments." <u>Id.</u> For example, if a debtor is not represented by counsel or the debtor does not appear to have sufficient income to pay the reaffirmed debt, the court must certify that the reaffirmation does not impose an undue hardship on the debtor and is in the debtor's best interest. 11 U.S.C. § 524(c)(6)(A); 11 U.S.C. § 524(m)(1). "When determining whether a reaffirmation imposes an undue hardship, there are several relevant factors which a court may consider, including the terms of the debt to be reaffirmed, whether the goods that the debtor wishes to retain are necessary, the risk of repossession if the debtor decides not to reaffirm the debt, and the replacement value of the goods compared to the amount of debt to be reaffirmed." <u>In re Strong</u>, 232 B.R. 921, 924 (Bankr. E.D. Tenn. 1999).

In this case, the court is not convinced that the Debtors

have sufficient disposable income to pay the reaffirmed debt. The Reaffirmation Agreement states that the Debtors have reduced their expenses by the same amount, $1298.65, that their expenses exceed their income in their scheduled budget.  The Debtors assert that they managed to reduce their expenses by nearly $1300 each month by not buying baby formula, buying less gas, and using childcare less frequently.  Despite their assertion that they are spending less money on childcare and gas because the female Debtor is working less, the Debtors claim that their income is exactly the same as when they filed their case.  The court believes these assertions are somewhat dubious and finds that the Debtors do not have sufficient funds available to reaffirm the debt.

In addition, the Bank of the West debt does not secure a necessary item.  The Debtors' fishing boat secures the debt. While the Debtors indicated at the hearing that they wanted to retain the boat and they had made other sacrifices to do so, they did not indicate that they needed the boat.  According to the Debtors' petition, the male Debtor drives a sanitation truck and the female Debtor is a pet stylist; neither occupation requires a fishing boat.  The Debtors did not assert any other reason that the boat is a necessity.

The court also notes that the current balance of the Bank of the West debt is approximately two and a half times the replacement value of the boat.  The Debtors would be better

4

served to buy a comparable boat than to keep paying on this debt. If the Debtors reaffirm the debt, their fresh start could be threatened by a potential deficiency judgment.

In sum, the Debtors do not have sufficient income to make payments on the Bank of the West debt, the boat secured by the debt is not a necessity, and the boat is worth a fraction of the debt. Therefore, the court concludes that the Reaffirmation Agreement is an undue hardship and not in the best interest of the Debtors. Accordingly, the Debtors' Reaffirmation Agreement with Bank of the West is **DISAPPROVED.**

**SO ORDERED.**

This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of the Order.

United States Bankruptcy Court